**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
No. 3:25-cv-00656**

| | |
|---|---|
| **DR. JARIN M. WRAY**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **RTX CORPORATION**, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**RTX CORPORATION'S MEMORANDUM IN SUPPORT OF ITS
<u>MOTION TO DISMISS</u>**

**SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, LLP**

Kirk G. Warner
N.C. State Bar No. 16238
kwarner@smithlaw.com
H. Hunter Bruton
N.C. State Bar No. 50601
hbruton@smithlaw.com
C. Michael Anderson
N.C. State Bar No. 42646
manderson@smithlaw.com
150 Fayetteville Street, Suite 2300
Raleigh, N.C. 27601
Tel.: 919-821-1220
Fax: 919-821-6800

Lyndsay A. Gorton (*pro hac vice*)
D.C. Bar No. 981959
LGorton@crowell.com
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: 202-624-2500
Fax: 202-628-5116

*Counsel for RTX Corporation*

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................1

II.     PROCEDURAL AND FACTUAL BACKGROUND........................................................2

III.    ARGUMENT .............................................................................................................4

        A.    Pleading Standards.................................................................................4

              1.    Rules 8(a) and 12(b)(6)...........................................................4

              2.    Rule 9(b) ...................................................................................5

              3.    Pleading Standards for *Pro Se* Plaintiffs..................................6

        B.    Plaintiff Cannot Assert Private Causes of Action for Many of the
              Claims Because No Private Causes of Action Exist.............................7

              1.    No Private Cause of Action Exists Under the FCPA.............7

              2.    No Private Cause of Action Exists Under ITAR ....................8

              3.    No Private Cause of Action Exists Under EAR.....................8

              4.    No Private Cause of Action Exists for Criminal Conspiracy
                    to Defraud the United States .................................................8

              5.    No Private Cause of Action Exists for Criminal Money
                    Laundering ..............................................................................9

        C.    Where a Private Cause of Action Exists, Plaintiff's Allegations
              Fall Outside the Scope of That Private Cause of Action ....................9

              1.    *Pro Se* Qui Tam Lawsuits Are Not Permitted by the False
                    Claims Act ...............................................................................9

              2.    Limited Private Cause of Action Under the Sarbanes-Oxley
                    Act Does Not Apply................................................................10

              3.    Limited Private Cause of Action Under Dodd-Frank Act
                    Does Not Apply .....................................................................12

        D.    Plaintiff Does Not Allege Sufficient Factual Allegations to Survive
              a Motion to Dismiss Under the Federal Rules of Civil Procedure ....13

              1.    The Complaint Does Not Allege Facts to Plausibly State a
                    Claim to Survive Under Rules 8 or (12)(b)(6)......................13

2.      Plaintiff Fails to Plead Fraud with Particularity to Comply with Rule 9(b) ........................................................................................14

E.      The Complaint Should Be Dismissed With Prejudice Because Amendment is Futile...........................................................................16

IV.     CONCLUSION.............................................................................................17

# TABLE OF AUTHORITIES

**Cases**                                                      **Page(s)**

*Adbul-Mumit v. Alexandria Hyundai, LLC*,
    896 F.3d 278 (4th Cir. 2018) ...............................................16

*Alexander v. Sandoval*,
    532 U.S. 275 (2001)...............................................................7

*Ashby v. City of Charlotte*,
    121 F.Supp.3d 560 (W.D.N.C. 2015) ......................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................4, 5, 6, 13, 14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).....................................4, 5, 6, 13, 14

*Bing v. Brivo Sys., LLC*,
    959 F.3d 605 (4th Cir. 2020) ..................................................6

*Chacko v. Preston*,
    No. 23-cv-551, 2024 WL 943455 (E.D. Va. Mar. 5, 2024)....................................16

*CPI Amherst SFR v. Alexander*,
    No. 22-CV-326, 2023 WL 2614540 (E.D.N.C. Mar. 22, 2023) ............................10

*CPI Amherst SFR v. Alexander*,
    No. 22-CV-326, 2023 WL 2620913 (E.D.N.C. Feb. 27, 2023)............................10

*Davis v. Vestwell Holdings, Inc.*,
    No. 24-cv-02279, 2024 WL 5245250 (D. Kan. Dec. 30, 2024) ...............................9

*de Pacheco v. Martinez*,
    515 F.Supp.2d 773 (S.D. Tex. 2007) ......................................9

*Digit. Realty Tr., Inc. v. Somers*,
    583 U.S. 149 (2018)...............................................................12

*Doe v. Univ. of N.C. Sys.*,
    No. 23-cv-00041, 2024 WL 1564706 (W.D.N.C. Apr. 10, 2024) ...........................16

*Donaldson v. Severn Sav. Bank, F.S.B.*,
    No. CV JKB-15-901, 2015 WL 7294362 (D. Md. Nov. 18, 2015) .........................11

*Dugar v. Coughlin*,
    613 F.Supp. 849 (S.D.N.Y. 1985) ..........................................9

*Dunn v. Borta*,
    369 F.3d 421 (4th Cir. 2004) ...................................................15

*Erickson v. Pardus*,
    551 U.S. 89 (2007)..........................................................................6

*Foman v. Davis*,
    371 U.S. 178 (1962).......................................................................16

*Giarratano v. Johnson*,
    521 F.3d 298 (4th Cir. 2008) .........................................................6

*Glaser v. Enzo Biochem, Inc.*,
    126 F. App'x 593 (4th Cir. 2005) .................................................16

*Godfrey v. Long*,
    No. 10-CT-3105, 2012 WL 43593 (E.D.N.C. Jan. 9, 2012)............6

*Hall v. Bellmon*,
    935 F.2d 1106 (10th Cir. 1991) .....................................................6

*La. Landmarks Soc., Inc. v. City of New Orleans*,
    85 F.3d 1119 (5th Cir. 1996) .........................................................7

*Lamb v. Phillip Morris, Inc.*,
    915 F.2d 1024 (6th Cir. 1990) .......................................................7

*Lambeth v. Bd. of Comm'rs of Davidson Cnty., NC*,
    407 F.3d 266 (4th Cir. 2005) .........................................................5

*Maddox v. CitiFinancial Mortg. Co.*,
    No. 18cv00041, 2018 WL 1547362 (W.D. Va. Mar. 29, 2018) ............7

*McCrea v. Santomassimo*,
    No. 24-cv-00761, 2024 WL 4315027 (D.S.C. Sept. 27, 2024) ................11

*Morefield v. Bailey*,
    959 F.Supp.2d 887 (E.D. Va. 2013) .............................................16

*Ormet Corp. v. Ohio Power Co.*,
    98 F.3d 799 (4th Cir. 1996) ...........................................................7

*Pickens v. JP Morgan Chase Bank, N.A.*,
    No. 14-CV-00166, 2016 WL 2759726 (W.D.N.C. May 12, 2016) .........6

*Reaves v. Faulkner*,
    No. 22-CV-40, 2022 WL 19236195 (E.D.N.C. Oct 12, 2022) ................8

*Reaves v. Faulkner*,
No. 22-CV-40, 2023 WL 2614573 (E.D.N.C. Mar. 23, 2023) .................................................8

*Republic of Iraq v. ABB AG*,
768 F.3d 145 (2d Cir. 2014).........................................................................................................7

*Rockefeller v. U.S. Ct. of App. Off., for 10th Cir. Judges*,
248 F.Supp.2d 17 (D.D.C. 2003) .................................................................................................9

*Rodriguez v. Wipro Ltd.*,
No. 23-cv-00354, 2024 WL 4367925 (W.D.N.C. Sept. 30, 2024) ...................................10, 11

*Seabrook v. Driscoll*,
-- F.4th --, No. 20-1961, 2025 WL 2202135 (4th Cir. Aug. 4, 2025)......................................6

*Sexton v. Skyline Membership Corp.*,
No. 16-cv-00044, 2017 WL 1386019 (W.D.N.C. Apr. 12, 2017) ...........................................6

*Silvers v. Iredell Cnty. Dep't of Soc. Servs.*,
No. 15-cv-00083, 2016 WL 427953 (W.D.N.C. Feb. 3, 2016) ................................................6

*Statland v. Am. Airlines, Inc.*,
998 F.2d 539 (7th Cir. 1993) ......................................................................................................7

*Stoner v. Santa Clara Cnty. Off. of Educ.*,
502 F.3d 1116 (9th Cir. 2007) ..................................................................................................10

*Timson v. Sampson*,
518 F.3d 870 (11th Cir. 2008) ..................................................................................................10

*Torres v. B&L Mach. & Fabrication, Inc.*,
No. 23-cv-318, 2025 WL 802993 (E.D. Va. Feb. 12, 2025) ....................................................9

*United Black Firefighters of Norfolk v. Hirst*,
604 F.2d 844 (4th Cir. 1979) ......................................................................................................5

*United States ex rel. Brooks v. Ormsby*,
869 F.3d 356 (5th Cir. 2017) ....................................................................................................10

*United States ex rel. Feliciano v. Ardoin*,
127 F.4th 382 (D.C. Cir. 2025).................................................................................................10

*United States ex rel. Grant v. United Airlines Inc.*,
912 F.3d 190 (4th Cir. 2018) ......................................................................................................5

*United States ex rel. Harrison v. Westinghouse Savannah River Co.*,
176 F.3d 776 (4th Cir. 1999) ............................................................................................5, 6, 15

*United States ex rel. Mergent Servs. v. Flaherty*,
 540 F.3d 89 (2d Cir. 2008)..................................................................10

*United States ex rel. Nathan v. Takeda Pharms. N.A., Inc.*,
 707 F.3d 451 (4th Cir. 2013) ................................................................5

*United States ex rel. Taylor v. Boyko*,
 39 F.4th 177 (4th Cir. 2022) ...............................................................15

*United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*,
 336 F.3d 375 (5th Cir. 2003) ................................................................5

*United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*,
 525 F.3d 370 (4th Cir. 2008) ...........................................................5, 15

*United States v. Onan*,
 190 F.2d 1 (8th Cir. 1951) ..................................................................11

*Universal Health Servs., Inc. v. United States ex rel. Escobar*,
 579 U.S. 176 (2016)............................................................................15

*Wojcicki v. SCANA/SCE&G*,
 947 F.3d 240 (4th Cir. 2020) ...............................................................10

**Statutes**

12 U.S.C. § 5301 .........................................................................................4

12 U.S.C. § 5481 .........................................................................................4

15 U.S.C. § 78dd-1 .....................................................................................4

18 U.S.C. § 371.....................................................................................4, 8, 9

18 U.S.C. § 1348..................................................................................10, 11

18 U.S.C. § 1514A..........................................................................4, 10, 11

18 U.S.C. § 1956.....................................................................................4, 9

22 U.S.C. § 2778 .........................................................................................8

31 U.S.C. § 3729 .........................................................................................3

50 U.S.C. § 4801 .........................................................................................8

**Regulations**

15 C.F.R. § 730.......................................................................................4, 8

15 C.F.R. § 764.3(a) ................................................................................8

15 C.F.R. § 764.3(b) ...............................................................................8

22 C.F.R. § 120 ...................................................................................4, 8

22 C.F.R. § 127.7 ....................................................................................8

22 C.F.R. § 127.10 ..................................................................................8

**Rules**

Fed. R. Civ. P. 8 ...............................................1, 2, 4, 5, 13, 16, 17

Fed. R. Civ. P. 9(b) .............................................1, 2, 5, 14, 15, 16, 17

Fed. R. Civ. P. 12(b)(6) ...................................1, 2, 5, 6, 14, 15, 16, 17

Fed. R. Civ. P. 15(a)(2) ..........................................................................16

Fed. R. Civ. P. 81(c)(2) ............................................................................4

Defendant RTX Corporation ("RTX") respectfully submits this memorandum in support of its Motion to Dismiss Plaintiff's Complaint, [D.E. 1-3] ("Compl.") pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6).

## I.    INTRODUCTION

Plaintiff, a *pro se* individual, brings this suit citing a broad array of various federal statutes and regulations under which Plaintiff seeks damages allegedly suffered as a result of the termination of his employment and other alleged fraudulent or illegal conduct by RTX. But Plaintiff's threadbare Complaint does not adequately allege even a single violation of any federal statute or regulation cited in the Complaint. Accordingly, none of Plaintiff's claims can survive RTX's Motion to Dismiss and the Complaint should be dismissed with prejudice.

First, for the majority of the claims in the Complaint, Plaintiff attempts to raise private causes of action under various federal statutes that do not provide any such cause of action. And, where the statute does provide for a private cause of action under certain circumstances, Plaintiff's claims fall outside of those limited circumstances.

Next, even if one could allege a cause of action under the cited statutes, Plaintiff failed to do so under Rules 8 and 12(b)(6). The Complaint contains only vague, contradictory, irrelevant, or conclusory allegations that, even when viewed in the light most favorable to Plaintiff, do not adequately allege a claim upon which relief can be granted as required by the Federal Rules of Civil Procedure.

Finally, a number of Plaintiff's claims sound in fraud, and are therefore subject to the heightened pleading standard under Rule 9(b). As the Complaint is devoid of factual allegations to survive under the lower thresholds of Rules 8 and 12(b)(6), it likewise fails to allege the required who, what, when, where, why, and how to state a fraud claim under Rule 9(b). The Complaint fails for this reason as well.

The Complaint's many deficiencies cannot be remedied through amendment. There are no allegations that Plaintiff could make that would overcome the lack of a private cause of action. Similarly, there are no allegations that Plaintiff could make to survive under Rules 8, 9(b), or 12(b)(6) for any of the federal statutes and regulations cited. Therefore, Plaintiff's facially deficient pleading should be dismissed with prejudice.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

On July 29, 2025, Plaintiff filed a Complaint against RTX in the Civil Superior Court for Mecklenburg County, North Carolina. *See* Compl. The Complaint was drafted on a template pleading for this Court and consists of a single summary paragraph setting forth the Statement of Claim. *See* Compl. at 4. Plaintiff attached nearly 300 pages of Exhibits to the Complaint. [D.E. 1-5, 1-25, 7]. While neither RTX nor the Court is required to parse through hundreds of pages of documents to attempt to figure out Plaintiff's claims for him, RTX summarizes below certain pertinent information from those Exhibits for the Court's convenience in deciding this Motion.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████[1] Supply Dynamics was acquired by Exiger in 2022. [D.E. 1-25 at 48] (Compl., Ex. J). UTC Aerospace Systems merged with Rockwell Collins in 2018 to form Collins Aerospace, which is a division of RTX Corporation.[2]

---

[1] Certain of the Exhibits to the Complaint have been placed under seal because they reveal RTX confidential and proprietary information. RTX seeks to seal the same information where it is referenced in this Memorandum. For the purposes of this Memorandum, the page numbers cited in the Sealed Exhibits are the internal pagination. For the Exhibits that are publicly-available, RTX provides docket references and the page numbers refer to the ECF-created pagination.

[2] The MTA contains confidential and proprietary terms between the parties, and accordingly, has been placed under seal. *See* Text Order Granting RTX's Motion to Seal (Sept. 2, 2025).

Plaintiff is a former Collins Aerospace employee whose employment began in November 2019 and ended in August 2024. Compl. at 4; [D.E. 7 at 23] (Compl., Sealed Ex. D). Plaintiff alleges that during his employment, he disclosed purportedly fraudulent activity related to the MTA to his supervisor in May 2024. Compl. at 4. The Complaint does not identify what allegedly fraudulent activity Plaintiff reported, and provides no factual allegations about what the fraud was, who committed the fraud, or what damages resulted from the fraud. *Id.*

Plaintiff was placed on administrative leave on August 14, 2024. Compl. at 4. Following investigation into concerns that Plaintiff was furthering his own business interests by using Collins Aerospace's resources, Plaintiff's employment was terminated on September 13, 2024 due to violations of the Collins Aerospace Code of Conduct. [D.E. 7 at 25] (Compl., Sealed Ex. D); *see also* [D.E. 1-25 at 127] (Compl., Ex. W).

On February 25, 2025, Plaintiff submitted a Retaliatory Employment Discrimination Complaint Form to the North Carolina Department of Labor. In it, Plaintiff alleges that he was retaliated against for making his claims of purported fraud. Plaintiff neglects to include the true reason for his termination: that he was using Collins Aerospace's confidential and proprietary information to further his own business interests with his company contracting with the federal government. *See generally* [D.E. 1-25 at 128] (Compl., Ex. X).

Several months later, Plaintiff filed a complaint in the Civil Superior Court for Mecklenburg County, North Carolina. *See generally* Compl. As noted above, the Complaint includes a single summary paragraph of allegations and references an array of federal statutes and regulations at issue. Compl. at 5. While not entirely clear from the Complaint, Plaintiff apparently seeks damages allegedly suffered as a result of the termination of his employment and other alleged fraudulent or illegal conduct by RTX. The Complaint references the False Claims Act ("FCA"),

31 U.S.C. §§ 3729-3733; Dodd-Frank Act, 12 U.S.C. §§ 5301, 5481-5603; Sarbanes-Oxley Act ("SOX"), 15 U.S.C. §§ 7201-7266; Foreign Corrupt Practices Act ("FCPA"), 15 U.S.C. §§ 78dd-1, *et seq.*; International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. Parts 120-130, Export Administration Regulations ("EAR"), 15 C.F.R. Parts 730-774; the corresponding whistleblower protections from the Sarbanes-Oxley Act, 18 U.S.C. § 1514A; and other federal statutes criminalizing conspiracy to defraud the United States, 18 U.S.C. § 371, and money laundering, 18 U.S.C. § 1956. Compl. at 5. For the purposes of this Motion and Memorandum only, RTX presumes that Plaintiff is alleging some sort of violation of those statutes and regulations.

RTX removed Plaintiff's action to this Court on August 29, 2025. [D.E. 1]. Pursuant to Federal Rule of Civil Procedure 81(c)(2), RTX timely files its Motion to Dismiss and this Memorandum in Support within seven (7) days of filing the Notice of Removal to this Court. RTX's Motion to Dismiss is now properly before this Court for disposition.

## III. ARGUMENT

### A. Pleading Standards

#### 1. Rules 8(a) and 12(b)(6)

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to allege facts that, if true, would plausibly entitle the plaintiff to relief against the defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In contrast, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

In general, when considering a Rule 12(b)(6) motion to dismiss, a court must construe the factual allegations in the light most favorable to the plaintiff, *see Lambeth v. Bd. of Comm'rs of Davidson Cnty., NC*, 407 F.3d 266, 268 (4th Cir. 2005), but a court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). A court also is not obligated to accept legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### 2.   Rule 9(b)

Claims asserting fraud must clear an additional pleading hurdle under Rule 9(b): "In alleging fraud . . . , a party must state with particularity the circumstances constituting [the] fraud[.]" Fed. R. Civ. P. 9(b). This heightened pleading standard has "multiple purposes," including "providing notice to a defendant of its alleged misconduct, of preventing frivolous suits, . . . and . . . protect[ing] defendants from harm to their goodwill and reputation." *United States ex rel. Nathan v. Takeda Pharms. N.A., Inc.*, 707 F.3d 451, 456 (4th Cir. 2013) (internal quotation marks and citation omitted); *see also United States ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 197 (4th Cir. 2018). Accordingly, the Fourth Circuit has long "adhered firmly to [its] strictures" by dismissing claims that fail to offer particularized allegations of fact. *Nathan*, 707 F.3d at 456.

To satisfy Rule 9(b), Plaintiffs must plead "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). "These facts are often 'referred to as the "who, what, when, where, and how" of the alleged fraud.'" *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*,

336 F.3d 375, 384 (5th Cir. 2003)). Failure to comply with these "pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison*, 176 F.3d at 783 n.5.

### 3.  Pleading Standards for *Pro Se* Plaintiffs

While pleadings of *pro se* plaintiffs are "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted), "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Seabrook v. Driscoll*, -- F.4th --, No. 20-1961, 2025 WL 2202135, at *2 (4th Cir. Aug. 4, 2025) (quoting *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020)); *see also Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (explaining that *pro se* pleadings, like counseled ones, must "contain 'more than labels and conclusions'" (quoting *Twombly*, 550 U.S. at 555)). Thus, "even a *pro se* complaint must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Sexton v. Skyline Membership Corp.*, No. 16-cv-00044, 2017 WL 1386019, at *1 (W.D.N.C. Apr. 12, 2017) (quoting *Erickson*, 551 U.S. at 94); *accord Iqbal*, 556 U.S. at 679; *Pickens v. JP Morgan Chase Bank, N.A.*, No. 14-CV-00166, 2016 WL 2759726, at *3, *7-10 (W.D.N.C. May 12, 2016); *Silvers v. Iredell Cnty. Dep't of Soc. Servs.*, No. 15-cv-00083, 2016 WL 427953, at *7 (W.D.N.C. Feb. 3, 2016). And, the rules governing the generous construction of *pro se* pleadings "'do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Ashby v. City of Charlotte*, 121 F. Supp. 3d 560, 562 (W.D.N.C. 2015) (quoting *Godfrey v. Long*, No. 10-CT-3105, 2012 WL 43593, at *1 (E.D.N.C. Jan. 9, 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991))) (alteration in original); *see also Silvers*, 2016 WL 427953, at *7.

### B. Plaintiff Cannot Assert Private Causes of Action for Many of the Claims Because No Private Causes of Action Exist

As an initial matter, Plaintiff cannot assert private causes of action under the majority of the statutes cited in the Complaint. Private rights of action to enforce federal law must be created by Congress. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Courts presume that if a federal statute does not expressly create a private cause of action, one does not exist. *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 805 (4th Cir. 1996); *La. Landmarks Soc., Inc. v. City of New Orleans*, 85 F.3d 1119, 1123 (5th Cir. 1996); *Statland v. Am. Airlines, Inc.*, 998 F.2d 539, 540 (7th Cir. 1993), *cert. denied*, 510 U.S. 1012 (1993). Relevant here, there is no private cause of action under the FCPA, ITAR, EAR, or the criminal statutes of Title 18. Thus, each of those claims must be dismissed with prejudice.

### 1. No Private Cause of Action Exists Under the FCPA

Courts, including those in the Fourth Circuit, consistently find that the FCPA does not authorize a private right of action. *E.g.*, *Republic of Iraq v. ABB AG*, 768 F.3d 145, 170 (2d Cir. 2014) (explaining that "'[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others,'" and finding the statute contains no explicit provision for a private cause of action while providing for civil and criminal penalties and permitting the Attorney General to seek injunctive relief (quoting *Sandoval*, 532 U.S. at 290) (alteration in original)); *Lamb v. Phillip Morris, Inc.*, 915 F.2d 1024, 1029-30 (6th Cir. 1990), *cert. denied*, 498 U.S. 1086 (1991) (holding post-violation enforcement by private plaintiffs would "hinder congressional efforts to protect companies and their employees concerned about FCPA liability"); *see also Maddox v. CitiFinancial Mortg. Co.*, No. 18cv00041, 2018 WL 1547362, at *1 (W.D. Va. Mar. 29, 2018) (dismissing FCPA claim for failure to state a claim because the FCPA does not provide a private cause of action). This Court should find the same. And, as there is no

cause of action for Plaintiff to bring a supposed FCPA enforcement action, Plaintiff's claim of an FCPA violation must be dismissed with prejudice.

### 2. No Private Cause of Action Exists Under ITAR

Plaintiff cannot assert a private cause of action under ITAR or the Arms Export Control Act ("AECA"), 22 U.S.C. § 2778, because neither the ITAR regulations nor the authorizing statute expressly create a private right of action. 22 C.F.R. §§ 120, *et seq.*; 22 U.S.C. § 2778. Rather, the regulations and statute provide for civil penalties, 22 C.F.R. § 127.10, criminal penalties for willful violations, 22 U.S.C. § 2778(c), and debarment, 22 C.F.R. § 127.7. Those enforcement actions are brought by the federal government and cannot be individual causes of action. Accordingly, Plaintiff's claim of ITAR violations must also be dismissed with prejudice.

### 3. No Private Cause of Action Exists Under EAR

Likewise, Plaintiff cannot assert a private cause of action under EAR or the Export Control Reform Act ("ECRA"), 50 U.S.C. §§ 4801-4852. Neither the EAR regulations nor the authorizing statute create a private right of action. *Id.*; 15 C.F.R. §§ 730, *et seq.* Rather, like ITAR, the regulations provide for civil penalties, 15 C.F.R. § 764.3(a)(1), criminal penalties for willful violations, 15 C.F.R. § 764.3(b), injunctive relief, 15 C.F.R. § 764.3(a)(2), and other penalties, 15 C.F.R. § 764.3(a)(3), (c). Those enforcement actions are brought by the federal government and cannot be individual causes of action. Accordingly, Plaintiff's claim of ITAR violations must also be dismissed with prejudice.

### 4. No Private Cause of Action Exists for Criminal Conspiracy to Defraud the United States

Plaintiff cannot assert a private cause of action for criminal conspiracy under 18 U.S.C. § 371. This statute criminalizes conspiracy to defraud the United States and does not provide for a civil private right of action. *See, e.g.*, *Reaves v. Faulkner*, No. 22-CV-40, 2022 WL 19236195, at

*2 (E.D.N.C. Oct. 12, 2022), *report and recommendation adopted*, 2023 WL 2614573 (E.D.N.C. Mar. 23, 2023); *Rockefeller v. U.S. Ct. of App. Off., for 10th Cir. Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (holding plaintiff is precluded from asserting claims pursuant to 18 U.S.C. § 371 because as a criminal statute it did not convey a private right of action); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (holding no private right of action under 18 U.S.C. § 371 and plaintiff cannot sue directly under the provisions of Title 18). Plaintiff's claim of criminal conspiracy also must be dismissed with prejudice.

### 5. No Private Cause of Action Exists for Criminal Money Laundering

Plaintiff cannot assert a private cause of action under 18 U.S.C. § 1956 for criminal money laundering. Similar to conspiracy to defraud the United States, this statute criminalizes the laundering of monetary instruments and does not provide for a civil private right of action. *Torres v. B&L Mach. & Fabrication, Inc.*, No. 23-cv-318, 2025 WL 802993, at *4 (E.D. Va. Feb. 12, 2025); *Davis v. Vestwell Holdings, Inc.*, No. 24-cv-02279, 2024 WL 5245250, at *4 (D. Kan. Dec. 30, 2024); *de Pacheco v. Martinez*, 515 F. Supp. 2d 773, 787 (S.D. Tex. 2007). Accordingly, the claim for criminal conspiracy must be dismissed with prejudice.

### C. Where a Private Cause of Action Exists, Plaintiff's Allegations Fall Outside the Scope of That Private Cause of Action

Even where the statutes and regulations referenced in the Complaint provide for a potential private cause of action, Plaintiff's allegations fall outside of those established parameters, and Plaintiff's claims must be dismissed for these reasons as well.

### 1. *Pro Se* Qui Tam Lawsuits Are Not Permitted by the False Claims Act

While the False Claims Act provides a private cause of action in the form of a *qui tam* lawsuit brought by a relator on the federal government's behalf, every Court of Appeals to address the issue, including the Fourth Circuit, has held that a *pro se* relator cannot bring a claim under the

FCA. *See, e.g.*, *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244 (4th Cir. 2020) (affirming the dismissal order because a *pro se* plaintiff cannot represent the government's interest in a *qui tam* suit and finding that permitting a relator to proceed *pro se* would risk binding the government to an adverse judgment that might be avoided with the aid of competent counsel); *accord United States ex rel. Feliciano v. Ardoin*, 127 F.4th 382, 383-84 (D.C. Cir. 2025) (holding that the district court correctly dismissed *pro se* claims alleging violations of the FCA); *United States ex rel. Brooks v. Ormsby*, 869 F.3d 356, 357 (5th Cir. 2017); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92-94 (2d Cir. 2008); *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008); *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1125-28 (9th Cir. 2007); *United States v. Onan*, 190 F.2d 1, 6 (8th Cir. 1951). As Plaintiff is a private individual, to the extent he is bringing an FCA *qui tam* action, it cannot go forward as a *pro se* complaint. Any claim Plaintiff brings *pro se* for violations of the FCA must therefore be dismissed.

### 2. Limited Private Cause of Action Under the Sarbanes-Oxley Act Does Not Apply

Plaintiff cites generally to the "Sarbanes-Oxley Act" as a statute at issue in this case, as well as two specific sections of SOX: (1) 18 U.S.C. § 1514A (retaliation prohibition); and (2) 18 U.S.C. § 1348 (criminalizing securities and commodities fraud). None of those claims can survive RTX's Motion to Dismiss.

As with the other criminal statutes under Title 18 discussed above, courts in the Fourth Circuit, including this Court, have held that 18 U.S.C. § 1348 does not create a private cause of action across the board. *Rodriguez v. Wipro Ltd.*, No. 23-cv-00354, 2024 WL 4367925, at *5 (W.D.N.C. Sept. 30, 2024) (Rodriguez, J.); *CPI Amherst SFR v. Alexander*, No. 22-CV-326, 2023 WL 2620913, at *4 (E.D.N.C. Feb. 27, 2023), *report and recommendation adopted*, 2023 WL 2614540 (E.D.N.C. Mar. 22, 2023) ("18 U.S.C. § 1348 is a criminal securities and commodities

fraud statute and does not create a private right of action.") (citing *Donaldson v. Severn Sav. Bank, F.S.B.*, No. CV JKB-15-901, 2015 WL 7294362, at *2 (D. Md. Nov. 18, 2015)); *accord McCrea v. Santomassimo*, No. 24-cv-00761, 2024 WL 4315027, at *2 (D.S.C. Sept. 27, 2024) (same). Any claim under 18 U.S.C. § 1348 must therefore be dismissed.

As to Plaintiff's retaliation claim, SOX protects employees at risk of retaliation for reporting corporate misconduct. *See* 18 U.S.C. § 1514A. Specifically, Section 1514A prohibits companies from discharging or otherwise "discriminat[ing] against an employee in the terms and conditions of employment because" the employee "provide[s] information . . . or otherwise assist[s] in an investigation regarding any conduct which the employee reasonably believes constitutes a violation" of certain criminal fraud statutes, any SEC rule or regulation, or "any provision of Federal law relating to fraud against shareholders." 18 U.S.C. § 1514A(a)(1). Where an employee alleges a violation of these protections, they are authorized by SOX to file a complaint with the Secretary of Labor. *Id.* at § 1514A(b)(1)(A). Only after the complaint is filed with the Department of Labor, and if other requirements are met, can the claimant bring an action in the appropriate district court of the United States. *Id.* at § 1514A(b)(1)(B).

Here, the Complaint does not establish Plaintiff has met the conditions to file a claim in federal court pursuant to these requirements. *Rodriguez*, 2024 WL 4367925, at *4 (granting dismissal where *pro se* plaintiff failed to allege key facts such as the timing or date of such administrative complaint and whether or not a final decision was issued). Plaintiff has not alleged the date of an administrative complaint, does not allege whether the Department of Labor investigated his complaint, and does not allege that the termination of his employment with Collins Aerospace was a result of making a SOX-related complaint to the Department of Labor. *See*

*generally* Compl. at 4. Therefore, Plaintiff has not plausibly alleged factual allegations to support a claim under SOX, and it too must be dismissed.

### 3. Limited Private Cause of Action Under Dodd-Frank Act Does Not Apply

The Complaint does not cite to any particular provision of the Dodd-Frank Act. However, even if it had, the Supreme Court has unanimously held that Dodd-Frank provides an even more limited private cause of action for retaliation than SOX does. *Digit. Realty Tr., Inc. v. Somers*, 583 U.S. 149 (2018). Specifically, the Dodd-Frank Act provides protection from retaliation for internal disclosures, *i.e.*, those made to a supervisor or a corporate compliance program, if the whistleblower also disclosed the information about a potential securities law violation to the SEC. *Id.* at 156. The Court recognized that it "would make scant sense" to include whistleblowers of non-securities law violations under Dodd-Frank protections. *Id.* at 168.

Like the SOX analysis above, here, the Complaint does not plausibly allege that Plaintiff made any report to the SEC alleging violations of securities laws either before or after termination of his employment.[3] Indeed, there are no allegations about securities laws violations at all. *See* Compl. at 4. And, even when reading the allegations in the most favorable light for Plaintiff, a singular, conclusory statement that he "disclosed the China supplier related fraud found in the contract," does not support a finding that Plaintiff reported a violation of any securities law to his

---

[3] The Exhibits suggest that Plaintiff made one report to the SEC before his date of termination. [D.E. 1-25 at 81-92] (Compl., Ex. O). However, the report does not allege any violation of securities law, and therefore cannot form the basis of a retaliation claim under Dodd-Frank. *Id.* Instead, the facts alleged center around the Plaintiff's assertion that the MTA excluded a term for fraud prevention. *Id.* The report was filed under the category of "False/misleading offering documents," but Plaintiff does not identify or otherwise allege in the report or Complaint what offering documents were false or misleading to form the basis of a Dodd-Frank Act violation. *Id.*

supervisor to fulfill the requirement under the Dodd-Frank Act. Therefore, any claim under the Dodd-Frank Act must also be dismissed.

### D. Plaintiff Does Not Allege Sufficient Factual Allegations to Survive a Motion to Dismiss Under the Federal Rules of Civil Procedure

#### 1. The Complaint Does Not Allege Facts to Plausibly State a Claim to Survive Under Rules 8 or (12)(b)(6)

As discussed above, the Federal Rules of Civil Procedure require a complaint to allege facts that, if true, would plausibly entitle the plaintiff to relief against the defendant. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). And, while courts liberally construe *pro se* plaintiffs' allegations, they still must comply with the requirements of the Federal Rules of Civil Procedure.

Here, Plaintiff's allegations in the Complaint consist primarily of a single, disjointed paragraph of statements unrelated to the statutes cited. Compl. at 4. For example, Plaintiff first asserts that "Exiger excluded fraud prevention from an April 2017 contract." *Id.* Even if this claim were true,[4] Plaintiff does not state how the purported exclusion of a clause in a contract between two third parties could create a claim upon which relief can be granted for him. *Id.* He does not identify a statute that is violated and does not identify any illegality related to a purportedly missing contractual term. Similarly, none of the other allegations in the Complaint—"RTX provided Exiger with . . . drawings along with monthly supporting data," "Exiger has ownership in Poseidon Research China Co.," and "Exiger and RTX have multiple locations in Hong Kong"—allege any violation of federal law or regulations. *Id.*

---

[4] This claim is contradicted by the attachments to the Complaint, which show that Supply Dynamics was not acquired by Exiger until 2022. [D.E. 1-25 at 48] (Compl., Ex. J).

Indeed, Plaintiff does not even attempt to connect his brief allegations to any element of a claim under any of the various federal statutes and regulations that he cites in the Complaint. For example, he does not identify any facts explaining how the MTA, its terms, or the alleged relationship between RTX and Exiger violates the False Claims Act, Sarbanes-Oxley, or Dodd-Frank. He does not identify any elements of any claims and does not allege how his conclusory allegations support any of those elements. He does not identify the specific section of many of the statutes and regulations that he claims were violated. Put simply, there is nothing to infer any violation of federal law, let alone one plausibly alleged to survive a Rule 12(b)(6) motion to dismiss.

In addition, where Plaintiff makes conclusory statements that he disclosed, for example, "China supplier related fraud," Compl. at 4, those amount to legal conclusions that the Court does not need to accept as true on a motion to dismiss. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). There are no factual assertions supporting a conclusion of "fraud," and nothing to suggest that he could make such allegations, if given another opportunity. Bald conclusory statements amounting to legal conclusions cannot survive a motion to dismiss.

Even when viewing the allegations in the light most favorable to Plaintiff and construing the Complaint's single paragraph of allegations liberally for a *pro se* plaintiff, the Court should grant the Motion to Dismiss.

       **2.**      **Plaintiff Fails to Plead Fraud with Particularity to Comply with Rule 9(b)**

Rule 9(b) provides for a heightened pleading standard: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ.

P. 9(b). In addition to its other threshold failings, the Complaint fails to meet the heightened pleading standard of Rule 9(b) for any of the alleged violations that sound in fraud.[5]

For example, the Complaint includes a reference to the False Claims Act, violations of which must be pled with particularity under Rule 9(b). *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 195 n.6 (2016); *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189-90 (4th Cir. 2022). Rule 9(b) requires an FCA relator to plead, with specificity, "the 'who, what, when, where, and how' of the alleged fraud." *Boyko*, 39 F.4th at 189 (quoting *Wilson*, 525 F.3d at 379). A "lack of compliance with Rule 9(b)'s pleading requirements is treated as failure to state a claim under Rule 12(b)(6)." *Dunn v. Borta*, 369 F.3d 421, 426 (4th Cir. 2004) (quoting *Harrison*, 176 F.3d at 783 n.5).

Plaintiff's bald and conclusory allegations do not constitute any theory of fraud under any of the statutes or regulations cited, including the False Claims Act. Relying on a single paragraph of allegations instead of particularized facts, the Complaint fails to set forth a plausible claim for relief under the FCA. Plaintiff does not allege any false statement or claim by RTX. Plaintiff does not allege anything that would support falsity, materiality, or particularity as required to show a violation under the statute. The Complaint is devoid of any particularized factual allegations of the content and timing of any false statements or claims, who supposedly made them, or how they caused false payments by the federal government. Put simply, there are no facts demonstrating any alleged violation of the FCA.

The Complaint should therefore be dismissed for this reason as well.

---

[5] It is not clear to RTX what claims Plaintiff makes under the various statutes cited in the Complaint, and accordingly, RTX is unsure precisely which claims sound in fraud. However, while RTX uses the False Claims Act as an example of the particularity Plaintiff needs to allege to survive under Rule 9(b), to the extent Plaintiff alleges fraud under the other statutes cited in the Complaint, those fail as well.

**E.** **The Complaint Should Be Dismissed With Prejudice Because Amendment is Futile**

This case is a prime example of a complaint that should be dismissed with prejudice because amendment will not resolve the issues in the pleading. While Rule 15(a)(2) requires leave to amend to be freely granted when justice so requires, it is within the district court's discretion to dismiss a complaint with prejudice. *Doe v. Univ. of N.C. Sys.*, No. 23-cv-00041, 2024 WL 1564706, at *2 (W.D.N.C. Apr. 10, 2024) (citing *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018)). As is relevant here, leave to amend should be refused in situations of "undue delay, bad faith or dilatory motive on the part of the movant, . . . [or] futility of amendment." *See Glaser v. Enzo Biochem, Inc.*, 126 F. App'x 593, 602 (4th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "When a court has confirmed that all the facts are before it and a court is satisfied that it is familiar with the entirety of the circumstances surrounding a plaintiff's demands, a court may refuse to grant leave to amend due to futility." *Chacko v. Preston*, No. 23-cv-551, 2024 WL 943455, at *6 (E.D. Va. Mar. 5, 2024). A court may confirm during oral argument on a motion to dismiss that there are no additional facts which would support a plaintiff's claims. *See Morefield v. Bailey*, 959 F. Supp. 2d 887, 907 (E.D. Va. 2013).

Here, there are no facts that Plaintiff could plead that would resolve the pleading deficiencies in the Complaint. As shown above, to the extent that referring to statutes and regulations can be considered allegations, the Complaint is deficient under Rules 8 and 12(b)(6). Any violation sounding in fraud is also deficient under the heighted pleading requirements of Rule 9(b). There are no facts that support any violation of the cited statutes and regulations, let alone any facts alleged that plausibly state a claim to survive a motion to dismiss. The Complaint consists of a singular paragraph comprised of four sentences that does not refer to a single element of any statutory violation or criminal act. Indeed, as explained above, Plaintiff does not even have

a cause of action for the majority of the statutes referenced in the Complaint. Accordingly, there are no allegations that Plaintiff could make to overcome those deficiencies. The Complaint should be dismissed with prejudice and without leave to amend.

## IV.    CONCLUSION

For the foregoing reasons, RTX Corporation respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice and without leave to amend for failure to meet the pleading standards of Rules 8(a), 9(b), and 12(b)(6).

Respectfully submitted, this 5th day of September, 2025.

**SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL JERNIGAN, LLP**

*/s/ C. Michael Anderson*
Kirk G. Warner
N.C. State Bar No. 16238
kwarner@smithlaw.com
H. Hunter Bruton
N.C. State Bar No. 50601
hbruton@smithlaw.com
C. Michael Anderson
N.C. State Bar No. 42646
manderson@smithlaw.com
150 Fayetteville Street, Suite 2300
Raleigh, N.C. 27601
Tel.: 919-821-1220
Fax: 919-821-6800

Lyndsay A. Gorton (*pro hac vice*)
D.C. Bar No. 981959
LGorton@crowell.com
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: 202-624-2500
Fax: 202-628-5116

*Counsel for RTX Corporation*

## CERTIFICATION ON USE OF
## ARTIFICIAL INTELLIGENCE PLATFORMS

Pursuant to the Court's Standing Order dated June 18, 2024 in *In Re: Use of Artificial Intelligence*, No. 3:24-mc-104, I hereby certify the following is true and correct for the foregoing document:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw and Lexis; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at the attorney's direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

**SMITH, ANDERSON, BLOUNT,
DORSETT, MITCHELL JERNIGAN, LLP**

*/s/ C. Michael Anderson*
Kirk G. Warner
N.C. State Bar No. 16238
kwarner@smithlaw.com
H. Hunter Bruton
N.C. State Bar No. 50601
hbruton@smithlaw.com
C. Michael Anderson
N.C. State Bar No. 42646
manderson@smithlaw.com
150 Fayetteville Street, Suite 2300
Raleigh, N.C. 27601
Tel.: 919-821-1220
Fax: 919-821-6800

Lyndsay A. Gorton (*pro hac vice*)
D.C. Bar No. 981959
LGorton@crowell.com
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: 202-624-2500
Fax: 202-628-5116

*Counsel for RTX Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 5th day of September 2025, I electronically filed the foregoing document using the Court's NextGen CM/ECF system, which caused service on all counsel of record. I further certify that I served the following party via electronic mail and mail via the United States Postal Service.

> Dr. Jarin M. Wray
> 4401 Barclay Downs Drive
> Unit 613
> Charlotte, N.C. 28209

> **SMITH, ANDERSON, BLOUNT,
> DORSETT, MITCHELL JERNIGAN, LLP**
>
> */s/ C. Michael Anderson*
> Kirk G. Warner
> N.C. State Bar No. 16238
> kwarner@smithlaw.com
> H. Hunter Bruton
> N.C. State Bar No. 50601
> hbruton@smithlaw.com
> C. Michael Anderson
> N.C. State Bar No. 42646
> manderson@smithlaw.com
> 150 Fayetteville Street, Suite 2300
> Raleigh, N.C. 27601
> Tel.: 919-821-1220
> Fax: 919-821-6800
>
> Lyndsay A. Gorton (*pro hac vice*)
> D.C. Bar No. 981959
> LGorton@crowell.com
> Crowell & Moring LLP
> 1001 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004
> Tel: 202-624-2500
> Fax: 202-628-5116
>
> *Counsel for RTX Corporation*