UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-656-MOC

| JARIN M. WRAY, | ) | |
|---|---|---|
| Plaintiff, pro se, | ) | |
| vs. | ) | ORDER |
| RTX CORPORATION, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss. (Doc. No. 12). Having considered Defendant's motion and Plaintiff's response, the Court **GRANTS** Defendant's Motion to Dismiss.

I. BACKGROUND

Plaintiff worked for Collins Aerospace ("Collins"), a division of RTX Corporation ("RTX"), until Collins fired him in 2024 for purportedly using Collins' confidential information to operate a competing business. (Doc. Nos. 1-3 at 5, 7 at 240). Plaintiff contends that Collins fired him for filing whistleblower complaints asserting that RTX and Exiger, a company RTX contracted with to provide software, engaged in some sort of fraud involving China. (Doc. No. 1-3 at 5). Plaintiff's pro se complaint is difficult to parse. The entire factual basis of Plaintiff's Complaint states:

> Exiger excluded fraud prevention from an April 2017 contract, RTX provided Exiger with a minimum of 126,682 U.S. ITAR/EAR/Flight Safety/FlightCritical drawings along with monthly supporting data consisting of $20B (July 2024) in active U.S. purchase orders. Exiger has ownership in Poseidon Research China Co. and Exiger and RTX have multiple locations in Hong Kong. I disclosed the China supplier related fraud found in the contract with Exiger to Collins

-1-

> President, Steve Timm, on 5/19/2024, escalated the issue with a fraud - cease-
> and-desist notice to RTX CEO and Executive Chairman of the Board, Christopher
> Calio and Gregory Hayes, on 7/29/2024. I was placed on administrative leave on
> 8/14/2024, and officially terminated on Friday, 9/13/2024.

(Id.). It appears that Plaintiff's fraud allegation is based on RTX and Exiger's failure to include contractual fraud prevention mechanisms in their contract. See (id.).

Plaintiff asserts claims pursuant to (1) 18 U.S.C. § 1514A, (2) 18 U.S.C. § 371, (3) 18 U.S.C. § 1348, (4) 18 U.S.C. § 1956, (5) the False Claims Act ("FCA"), (6) the Dodd-Frank Act, (7) the Sarbanes-Oxley Act, (8) the Foreign Corrupt Practices Act ("FCPA"), (9) the International Traffic in Arms Regulations ("ITAR"), and (10) the Export Administration Regulations ("EAR"). Plaintiff does not explain which provisions of these laws Defendant violated or how Defendant's conduct violated these laws.

Defendant filed a Motion to Dismiss and Plaintiff responded by filing various documents unrelated to the merits of Defendant's motion. (Doc. No. 17). These documents include (1) discovery requests, (2) a notice to vacate issued to Plaintiff by his landlord, and (3) a document authored by Plaintiff that appears to allege that his landlord is engaged in some kind of conspiracy with China. (Doc. No. 17-1).

## II. STANDARD OF REVIEW

Rule 12(b)(6) authorizes the Court to dismiss the plaintiff's complaint for failing "to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure

8(a)(2). See id. To survive a defendant's motion to dismiss, the plaintiff's factual allegations in the complaint need only "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, the complaint must simply "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Allegations of fraud are subject to heightened pleading requirements. Pursuant to Federal Rule of Civil Procedure 9(b), a party asserting fraud or mistake "must state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "This particularity requirement is often called the fraud's who, what, when, where, and how." United States ex rel. Nicholson v. Medcom Carolinas, Inc., 42 F.4th 185, 195 (4th Cir. 2022) (citation modified).

Pro se litigants' pleadings are held to a lower standard than pleadings drafted by attorneys. King v. Rubenstein, 825 F.3d 206, 225 (4th Cir. 2016). Pro se pleadings are to be construed liberally and will not be dismissed "if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail." Addison v. Armstrong, No. 2:24-cv-3623-RMG-WSB, 2025 WL 1626181, at *2 (D.S.C. Apr. 29, 2025). However, "the Court may not rewrite pro se pleadings to include claims or arguments that were never presented . . . [or] construct Plaintiff's legal arguments for him." Id. "Even a pro se plaintiff, however, must allege sufficient facts to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face." King, 825 F.3d at 225 (citation modified).

III. DISCUSSION

First, the Court dismisses Plaintiff's claims pursuant to the FCPA, ITAR, EAR, 18 U.S.C. § 371, 18 U.S.C. § 1956, and 18 U.S.C. § 1348 because these statutes do not contain private rights of action. See Republic of Iraq v. ABB AG, 768 F.3d 145, 170–71 (2d Cir. 2014) (holding that the FCPA does not provide a private right of action); Maddox v. CitiFinancial Mortg. Co., No. 18-cv-41, 2018 WL 1547362, at *1 (W.D. Va. Mar. 29, 2018) (same); 22 U.S.C. § 2778 (failing to provide a private right of action for ITAR); 50 U.S.C. §§ 4801–4852 (failing to provide a private right of action for EAR); 18 U.S.C. § 371 (failing to provide a private right of action); Torres v. B&L Mach. & Fabrication, Inc., No. 23-cv-318, 2025 WL 802993, at *4 (E.D. Va. Feb. 12, 2025) (finding that 18 U.S.C. § 1956 does not provide a private right of action); Rodriguez v. Wipro Ltd., No. 3:23-cv-354-SCR, 2024 WL 4367925, at *5 (W.D.N.C. Sep. 30. 2024) (holding that 18 U.S.C. § 1348 does not provide a private right of action). And even if these laws and regulations did contain private rights of action, Plaintiff's threadbare complaint has failed to state a claim under each one.

Second, the Court dismisses Plaintiff's FCA claim because Plaintiff may not bring a pro se qui tam suit pursuant to the FCA. Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 244 (4th Cir. 2020).

Third, the Court dismisses Plaintiff's Sarbanes-Oxley Act claim.[1] Even assuming that Plaintiff asserts his Sarbanes-Oxley Act claim pursuant to 18 U.S.C. § 1514A, which contains a private right of action, Plaintiff has not stated a claim under that section. "'Under the whistleblower-protection provision of the Sarbanes-Oxley Act of 2002, no covered employer

---

[1] The Court recognizes that Plaintiff has cited individual sections of the Sarbanes-Oxley Act as well as the Act generally. Liberally construing the complaint in Plaintiff's favor, the Court will address the section of the Act that does create a private right of action.

-4-

may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of protected whistleblowing activity.'" Rodriguez, 2024 WL 4367925, at *2 (citation modified) (quoting Murray v. UBS Sec., LLC, 601 U.S. 23, 26 (2024)). To bring such a claim in federal court, an employee must have exhausted his administrative remedies under the Act by filing a complaint with the Department of Labor ("DOL") within 180 days of the violation. Id. (citing 18 U.S.C. § 1541A(b)(2)(D); 29 C.F.R. § 1980.103(d)). Then, if no final decision by the Secretary of Labor issues within 180 days of filing, the employee may file suit in federal court. Id. (citing Murray, 601 U.S. at 27). However, if the Secretary issues a decision within 180 days, then the employee must file an appeal with an Administrative Law Judge, and then to the DOL's Administrative Review Board. Id. at *3 (citing Lawson v. FMR LLC, 571 U.S. 429, 436–37 (2014)). Plaintiff has not alleged that the DOL issued a final decision, when any such decision occurred, and whether he complied with any exhaustion requirements. Accordingly, Plaintiff has failed to state a claim pursuant to 18 U.S.C. § 1514A. See id. at *4 (dismissing a pro se complaint for failing to provide such information).

Finally, the Court dismisses Plaintiff's Dodd-Frank Act claim because Plaintiff, who filed internal complaints and complaints with various government agencies, failed to allege that Collins fired him because of a whistleblower complaint he made to the Securities and Exchange Commission ("SEC") and not some other conduct. See Digital Realty Trust, Inc. v. Somers, 583 U.S. 149, 165–66 (2018) (stating that the Act "protects a whistleblower who reports misconduct both to the SEC and to another entity, but suffers retaliation because of the latter, non-SEC, disclosure" (emphasis in original)).

-5-

Case 3:25-cv-00656-MOC-SCR    Document 20    Filed 10/20/25    Page 5 of 6

Although a pro se plaintiff's claims generally should initially be dismissed without prejudice, allowing leave to amend would be futile for most of Plaintiff's claims because those claims do not contain a private right of action that Plaintiff can assert pro se. See King, 825 F.3d at 225. Only Plaintiff's claims under Sarbanes-Oxley Act and Dodd Frank Act allow for valid private rights of action. Thus, the Court will dismiss these two claims without prejudice because Plaintiff's claims are "potentially cognizable" under these acts. See id.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. No. 12) with prejudice. However, Plaintiff's Sarbanes-Oxley and Dodd Frank claims are dismissed without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss (Doc. No. 12) is **GRANTED**.

Signed: October 20, 2025

Max O. Cogburn Jr
United States District Judge